T.C. Memo. 1996-231

UNITED STATES TAX COURT

CHARLES E. KING, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18362-93.                    Filed May 22, 1996.

Charles E. King, pro se.

<u>Reginald R. Corlew</u>, for respondent.

MEMORANDUM OPINION

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant

to section 7443A(b)(3) and Rules 180, 181, and 182.[1]  Respondent

determined a deficiency in petitioner's Federal income tax for

1990 in the amount of $672.  The issues are:  (1) Whether

petitioner is entitled to deduct expenses attributable to a home

---

[1]    Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue.  All
Rule references are to the Tax Court Rules of Practice and
Procedure.

office under section 280A; (2) whether petitioner is entitled to claim a deduction for health insurance premiums; and (3) whether petitioner is entitled to a deduction for a contribution to an individual retirement account (IRA).

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by this reference. Petitioner filed a timely joint Federal income tax return for 1990 with his wife, Betty W. King (Mrs. King), now deceased. Petitioner resided in Holly Hills, Florida, at the time he filed his petition.

In 1983, after petitioner retired from his position as a school administrator for Fairfax County, Virginia, he and Mrs. King moved to Holly Hills, Florida, and started a yacht charter and brokerage business under the name of King International. King International was a sole proprietorship with its business office located in petitioner's home at 1402 Riverside Drive, Holly Hills, Florida. Petitioner ran the daily operations, and Mrs. King handled the financial end of the business.

During the year at issue, petitioner received pension income of $44,669.45 and interest income of $12,111.23, a portion of which he used to finance his business operations. Petitioner owned a West Mariner 39 yacht which he used to advertise his brokerage activities and attract charter customers for King International. During 1990, petitioner was not employed, and,

other than the $950 earned from his charter activities, received no nonemployee compensation.

On his 1990 Federal income tax return, petitioner claimed deductions for IRA contributions of $950 and self-employed health insurance of $950. On his Schedule C for King International, petitioner reported gross income of $950 and deducted business expenses in the aggregate amount of $11,272.26, resulting in a net loss of $10,322.26. In particular, petitioner claimed deductions for utilities of $351.22 and "Repairs and maintenance of office in home" of $161.32, each representing 20 percent of the total utility and maintenance cost of petitioners' residence.

In the notice of deficiency, respondent determined that petitioner was not entitled to adjustments to income for an IRA contribution or health insurance pursuant to the limitations of sections 219(b) and 162(l)(2)(A), respectively. Respondent also disallowed the deductions for home office expenses pursuant to the limitations prescribed by section 280A(c)(5). Respondent does not dispute that petitioner was engaged in a business for profit within the meaning of sections 162 and 183, or that he has substantiated his business expenses. Respondent's determinations are presumed correct, and petitioner bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).

We first address whether petitioner is entitled to claim a deduction for expenses attributable to his home office. Section 280A provides in relevant part:

SEC. 280A.   DISALLOWANCE OF CERTAIN EXPENSES IN CONNECTION
             WITH BUSINESS USE OF HOME, RENTAL OF VACATION
             HOMES, ETC.

    (a) General Rule.--Except as otherwise provided in this
section, in the case of a taxpayer who is an individual or
an S corporation, no deduction otherwise allowable under
this chapter shall be allowed with respect to the use of a
dwelling unit which is used by the taxpayer during the
taxable year as a residence.

             *      *      *      *      *

    (c) Exceptions for Certain Business or Rental Use;
Limitation on Deductions for Such Use.--

        (1) Certain business use.--Subsection (a) shall
    not apply to any item to the extent such item is
    allocable to a portion of the dwelling unit which is
    exclusively used on a regular basis--

            (A) [as] the principal place of business for
        any trade or business of the taxpayer,

                 *      *      *      *      *

        (5) Limitation on deductions.--In the case of a
    use described in paragraph (1) * * * the deductions
    allowed under this chapter for the taxable year by
    reason of being attributed to such use shall not exceed
    the excess of--

            (A) the gross income derived from such use
        for the taxable year, over

            (B) the sum of--

                (i) the deductions allocable to such use
            which are allowable under this chapter for
            the taxable year whether or not such unit (or
            portion thereof) was so used, and

                (ii) the deductions allocable to the
            trade or business (or rental activity) in
            which such use occurs (but which are not
            allocable to such use) for such taxable year.

The home office deduction is, therefore, limited to the excess of the gross income generated from the business activity conducted in the office, over all other deductible expenses attributable to such activity, but which are not allocable to the use of the unit itself. Grinalds v. Commissioner, T.C. Memo. 1993-66 (citing H. Rept. 99-426, at 134-135 (1985), 1986-3 C.B. (Vol. 2) 1, 135). In other words, the deduction may not create or increase a net loss from the business activity to which it relates. Id.

In making the determination of the amount of gross income derived from the use of petitioner's home office during 1990, respondent took into account only the amount of gross income that petitioner reported on his Schedule C. Because petitioner's sole proprietorship incurred a net loss during the year at issue, respondent disallowed the deductions for expenses attributable to the home office in their entirety. Petitioner contends that his interest income should be considered gross income for purposes of section 280A(c)(5) because the interest income is used to finance his business activities. Petitioner further contends that King International is entitled to the same treatment afforded to a corporation with respect to the deductibility of office expenses and the classification of interest income. Petitioner presented no evidence or authority to support his contentions.

Petitioner reported his interest on the Form 1040 of his 1990 return as personal interest income, not on his Schedule C as business income. The fact that such income was used to finance

business operations does not transform personal interest income into business income derived from petitioner's use of the office in his home. Moreover, King International is a sole proprietorship with an office in petitioner's home, not a corporation with an office outside of petitioner's residence, and, consequently, the deduction of expenses attributable to the home office is subject to the limitations prescribed in section 280A(c)(5).

King International earned gross income of $950 and incurred a net loss of $10,332.26 for 1990. A deduction for expenses attributable to a home office may not create or increase a net loss from the business activity to which it relates. Grinalds v. Commissioner, supra. Accordingly, petitioner is not entitled to deductions related to his home office. Respondent is sustained on this issue.

We next consider whether petitioner is entitled to deduct health insurance expenses of $950. Section 162(l)(1) permits self-employed individuals to deduct 25 percent of the amount paid during the year for insurance which constitutes medical care for themselves, their spouses, and their dependents. Section 162(l)(2)(A) limits this deduction to the "earned income (within the meaning of section 401(c)) derived from the trade or business with respect to which the plan providing the medical care coverage is established."

The term "earned income" is defined by section 401(c) as the net earnings from self-employment as defined in section 1402(a), but "only with respect to a trade or business in which personal services of the taxpayer are a material income-producing factor." Sec. 401(c)(2)(A)(i). Under section 1402(a), "net earnings from self-employment" is defined, in relevant part, as gross income earned by a taxpayer from a business carried on by the taxpayer, less deductions allowed which are attributable to such business.

For the year at issue, petitioner reported a net loss for King International and, consequently, had no net earnings from self-employment. We reject petitioner's argument that his interest income should be taken into consideration because such income is not "derived by an individual from any trade or business carried on by such individual". Sec. 1402(a). We find that petitioner had no "earned income" from his business activities within the meaning of section 401(c) and, therefore, is not entitled to deduct self-employed health insurance expenses. Respondent is sustained on this issue.

The final issue for consideration is whether petitioner is entitled to a deduction for a contribution of $950 to an IRA. In general, a taxpayer is entitled to deduct amounts contributed to an IRA. Sec. 219(a); sec. 1.219-1(a), Income Tax Regs. The deduction in any taxable year, however, may not exceed the lesser of $2,000 or an amount equal to the compensation includable in the taxpayer's gross income for such taxable year. Sec.

219(b)(1). Compensation is defined by section 219(f) as earned income, as defined by section 401(c)(2). As stated above, section 401(c)(2) directs us to section 1402(a) and the definition of "net earnings from self-employment".

Petitioner's adjusted gross income for 1990 of $43,921.48, after adjustments for his IRA and self-employed health insurance deductions, consists of interest, dividend, and pension income. Interest and dividend income is not compensation within the meaning of section 401(c) because, as noted, such income does not represent payment with respect to which personal services of the taxpayer are a material income-producing factor. Likewise, pension income is expressly excluded from the definition of compensation by section 219(f)(1). Because petitioner had no net earnings, and, therefore, no compensation within the meaning of section 219(f)(1), he is not entitled to deduct any portion of his IRA contribution. We sustain respondent on this issue.

<u>Decision will be entered for respondent</u>.